IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Lake Balderson, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0235 |
| v. | : | Judge Smith |
| Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff Brian Lake Balderson, an inmate at the Belmont Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

>   (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants, Director Gary Mohr,, Kelly S. Riehle, Mona Parks, Dr. Williams, and Michele Miller. Suit against the Ohio Department of Rehabilitation and Correction is barred by the Eleventh Amendment. Consequently, the Magistrate Judge **RECOM-MENDS** that these defendants be **DISMISSED** from this lawsuit. The Magistrate Judge further finds that at this stage of the proceedings the complaint states a claim for relief against defendants Bradley Eller, Dr. Weidman, and Dr. Williams and, therefore, **FURTHER RECOMMENDS** that the lawsuit continue as to these defendants.

The complaint alleges that on October 29, 2009 plaintiff Brian Lake Balderson underwent surgery at the Ohio State University Hospital on his left knee. Immediately following the surgery, the knee was worse. Balderson complained, and he was examined two weeks after the surgery at the Franklin Medical Center. The surgeon said the surgery went well and that he did not see patients until at least six months after the

---

is immune from such relief.

 (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

surgery.

An April 2010 MRI on the left knee showed that there still were tears in the medial meniscus. A physical therapist told Balderson that his patella was elevated due to the surgery and that another surgery was required. Balderson's request for surgery was denied because there was degeneration in the left knee that made it likely he would require knee replacement surgery and the Department did not authorize knee replacement surgery unless the prisoner would remain in its custody for at least four years. Balderson then had about two years remaining on his sentence.

The complaint further alleges that Balderson was seen by orthopedists and physical therapists at the Franklin Medical Center no fewer than 20 times. Imaging and x-rays showed Schmorl's cysts on his spine. Medical personnel at the Franklin Medical Center consistently recommended a bottom bunk restriction, cortisone shots every six months, a can, Tramadol, 100 mg., three times a day, and physical therapy. None of which Balderson receives except the cane. He has been given a variety of medications for pain– mainly psychotropic medications–but not Tramadol. He did once receive Tramadol, 50 mg., twice a day for six months.

Balderson continues to have pain and grinding in the knee. Now his knee refuses to bend.

Defendant Mona Parks, the Chief Medical Inspector for the Oho Department of Rehabilitation and Correction, "seems to try to make the right decision but after they are given they are not enforced."

When Balderson arrived at the Belmont Correctional INstitution in November 2010, defendant Dr. Williams told him his "gig was up." He took away plaintiff's cane, his medications, and his lower bunk restriction. Balderson believes Dr. Williams was "brought in as a kind of enforcer to allay the costs of inmates' medical needs." That same month, Balderson had an EMG, but prescribed MRIs and x-rays were not done. He is now treated by Dr. Weidman, who gave him a bottom bunk restriction that was never enforced.

Balderson has grieved the denials of medical care multiple times. institutional inspector Kelly S. Riehle denied his most recent grievance.

The complaint identifies claims that ODRC and Director Mohr are neglignet in their oversight of the health care provided by the Department's facilities; Bradley Eller, the BeCI administrator of health care services, Dr. Weidman, Kelly S. Riehle, Mona Parks, Dr. Williams, and Michele Miller have been deliberately indifferent by failing to provide plaintiff with even basic medical needs; Dr. Weidman and Dr. Williams have taken Balderson off his pain medications and recommended exercise program; Mona Parks has no power to perform her duties as Chief Medical Inspector; institutional inspector Kelly S. Riehle completely disregards the performance of her duties; and BeCI Warden Michele Miller neglects to supervise prison staff.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 127 S.Ct. 2197 (2007):

4

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)]." Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official

5

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

At the initial screening stage, the complaint states an Eighth Amendment claim against defendants Dr. Williams, Dr. Weidman, and Bradley Eller.

Although the complaint alleges Director Mohr and Warden Miller have been negligent in their oversight of the health care provided prisoners, it does not allege that

they have been deliberately indifferent to plaintiff's serious medical needs. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The complaint fails to state a claim under the Eighth Amendment against defendants Mohr and Miller.

Mona Parks is not alleged to have been deliberately indifferent to Balderson's serious medical needs. Indeed, the complaint alleges she did her best to redress plaintiff's grievances. Consequently, the complaint fails to state a claim under the Eighth Amendment against defendant Parks.

Kelly S. Riehle denied one or more of Balderson's grievances. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Consequently, the complaint fails to state a claim for relief against defendant Riehle.

Defendant Ohio Department of Rehabilitation and Correction is not an entity that can be sued. It is an arm of the state. The State is immune under the Eleventh

Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993).

The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants, Director Gary Mohr,, Kelly S. Riehle, Mona Parks, Dr. Williams, and Michele Miller. Suit against the Ohio Department of Rehabilitation and Correction is barred by the Eleventh Amendment. Consequently, the Magistrate Judge **RECOMMENDS** that these defendants be **DISMISSED** from this lawsuit. The Magistrate Judge **FURTHER RECOMMENDS** that the lawsuit continue as to defendants Bradley Eller, Dr. Weidman, and Dr. Williams.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants the Ohio Department of Rehabilitation and Correction, Director Gary Mohr,, Kelly S. Riehle, Mona Parks, Dr. Williams, and Michele Miller are not required to answer the complaint unless later ordered to do so by the Court. Defendants Bradley Eller, Dr. Weidman, and Dr. Williams are ORDERED to respond to the complaint within 45 days of being served with summons and complaint.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

        s/Mark R. Abel
        United States Magistrate Judge