IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Lake Balderson, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00235 |
| v. | : | Judge Smith |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Plaintiff Brian Lake Balderson, a state prisoner, brings this action alleging that defendants are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. This matter is before the Court on plaintiff Balderson's April 2, 2012 objections to Magistrate Judge Abel's March 21, 2012 Initial Screening Report and Recommendation finding that the complaint fails to state a claim upon which relief may be granted against defendants, Director Gary Mohr, Kelly S. Riehle, Mona Parks, and Michele Miller and that suit against the Ohio Department of Rehabilitation and Correction is barred by the Eleventh Amendment.

Plaintiff objects to the dismissal of Direct Gary Mohr, Kelly S. Riehle, Mona Parks, and Michele Miller. Plaintiff relies on a statement from Assistant Chief Inspector Mona Parks that states "collegial review" with the Bureau of Medical Services determined that further surgical intervention was not necessary. Plaintiff argues that defendants are hiding behind "collegial review" and that he has been denied recommended treatment on the basis of this review. Plaintiff maintains that these

defendants have knowingly authorized and approved the conduct at issue in this case by using collegial review to deny him necessary treatment.

The Magistrate Judge correctly stated that to establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Although the complaint alleges Director Mohr and Warden Miller have been negligent in their oversight of the health care provided prisoners, it does not allege that they have been deliberately indifferent to plaintiff's serious medical needs. As a result, the complaint fails to state a claim under the Eighth Amendment against defendants Mohr and Miller. The complaint also does not allege Mona Parks has been deliberately indifferent to Balderson's serious medical needs. As the Magistrate Judge noted, the complaint alleges she did her best to redress plaintiff's grievances. Consequently, the complaint fails to state a claim under the Eighth Amendment against defendant Parks. Additionally, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th

Cir. 1982). Consequently, the complaint fails to state a claim for relief against defendant Riehle.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation. (Doc. 4).  The complaint fails to state a claim upon which relief may be granted against defendants, Director Gary Mohr, Kelly S. Riehle, Mona Parks, and Michele Miller. Suit against the Ohio Department of Rehabilitation and Correction is barred by the Eleventh Amendment. Consequently, these defendants are **DISMISSED** from this lawsuit. The lawsuit continue as to defendants Bradley Eller, Dr. Weidman, and Dr. Williams.

                                               *George S. Smith*

                                               George C. Smith
                                               United States District Judge